ISSUED TO ATTORNEYS

ORIGINAL
FILED
2005 NOV 10 PM 3:13
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| Regina Russell<br>836 Searles Road<br>Toledo, OH 43607 | :<br>:<br>: |
| Plaintiff, | : **3:05CV7430** |
| v. | : Case No. _____ |
| The University of Toledo<br>c/o Daniel M. Johnson, President<br>University Hall<br>2801 West Bancroft Street<br>Toledo, OH 43606, | : Judge **JUDGE DAVID A. KATZ**<br>:<br>:<br>:<br>: |
| and | : |
| Randall J. McElfresh<br>5347 Radcliffe Road<br>Sylvania, OH 43560, | :<br>:<br>: |
| and | : |
| Norine T. Wasielewski<br>111 Harbor Point Road<br>Rossford, OH 43460-1025, | :<br>:<br>: |
| and | : |
| Kristine Armstrong<br>2716 Portland Street<br>Oregon, OH 43616 | :<br>:<br>: |
| and | : |
| John E. Mills, MD<br>White-Wilson Medical<br>Medical Center<br>1005 Mar Walt Drive<br>Fort Walton Beach, FL 32547 | :<br>:<br>:<br>:<br>: |
| Defendants. | : |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Ms. Regina Russell, for her various causes of action against the Defendants, states as follows:

**PRELIMINARY STATEMENT**

1.  This is a race discrimination and retaliation action in which Ms. Regina Russell, an African-American citizen of the United States, alleges that one or more of the Defendants subjected her to disparate employment treatment as compared to similarly situated non-minority employees; subjected her to a racially hostile employment environment; subjected her to deprivation of rights and privileges secured by federal law; conspired to deprive her of equal privileges under the law; and retaliated against her for her exercise of rights under Title VII of the Civil Rights Act of 1964, as amended, and Chapter 4112 of the Ohio Revised Code.

2.  Redress sought by Plaintiff includes reinstatement of her employment as a staff nurse in the student medical center of The University of Toledo (the "Student Medical Center"); the award of contributing time of service credit in the Ohio Public Employees Retirement System for the period since her termination; back pay for the period since her termination, restoration of her seniority, compensation for injury to her professional reputation; compensatory damages for her emotional distress and mental pain and suffering; punitive damages; and her reasonable attorneys' fees and costs.

3.  This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983, 42 U.S.C. § 1985, Chapter 4112 of the Ohio Revised Code and the common law of the State of Ohio.

## JURISDICTION

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343(3); 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 2000e-5(f); and 28 U.S.C. § 1367. Federal jurisdiction is invoked here to secure the protection of and to redress the deprivation of Plaintiff's rights and privileges under the statutes of the United States and the statutes and common law of the State of Ohio.

5. This Court may assume supplemental jurisdiction over Plaintiff's pendant state law claims pursuant to 28 U.S.C. § 1367 because these claims arise out of the same nucleus of operative facts as do the federal claims.

6. All of the actions complained of herein occurred within the Western Division of the Northern District of Ohio. Accordingly, venue with and in this Court is appropriate.

## ADMINISTRATIVE HISTORY

7. On or about May 31, 2005, Plaintiff filed a charge of racial discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") against Defendant The University of Toledo ("Defendant University"), which charge was designated by the EEOC as its Charge No. 220-2005-00882. See Exhibit A attached hereto. Such charge alleged that since approximately August 2004, and continuing until the date of the filing of the charge, Plaintiff had been retaliated against and discriminated against by Defendants due to her race and for engaging in protected activities. Such charge alleged, *inter alia*, that defendant, University of Toledo has continued to discriminate against Plaintiff and retaliate against Plaintiff by harassing her, subjecting her to different terms and conditions of employment, subjecting Plaintiff to a hostile work environment and discharging Plaintiff.

8. On or about August 10, 2005, Plaintiff received a Notice of Right to Sue from the EEOC respecting Charge No. 220-2005-00882. Plaintiff has filed this action under Title VII,

*inter alia*, within 90 days of her receipt of such Notice, pursuant to 42 U.S.C. §2000-e (5). See Exhibit B attached hereto.

## PARTIES

9. Plaintiff is an African-American citizen of the United States whose permanent residence is in Lucas County, Ohio. In 1992, she first became employed by Defendant University as a Staff Nurse in the Student Medical Center.

10. Defendant University is an unincorporated association and state university of the State of Ohio which maintains an institution of higher and post graduate education in the City of Toledo. Defendant University constitutes a political subdivision of the State of Ohio and employs more than 15 employees. It, therefore, is an "Employer" within the purview of both Title VII and Ohio Revised Code ("R.C.") Chapter 4112.

11. Defendant, Randall McElfresh, is Defendant University's Labor and Employee Relations Director, an "Employer" within the purview of R.C. Chap. 4112, and one of the co-conspirators about whose conduct Plaintiff complains. Defendant, Norine Wasielewski, is the Director of the Defendant University's Student Medical Center. She was one of Plaintiff's supervisors, an "Employer" within the purview of R.C. Chap. 4112, and one of the co-conspirators about whose conduct Plaintiff complains. Defendant, Kristine Armstrong, is the Clinic Coordinator for the Defendant University's Student Medical Center. She was Plaintiff's immediate supervisor, an "Employer" within the purview of R.C. Chap. 4112 and one of the co-conspirators about whose conduct Plaintiff complains. Defendant, John Mills, M.D., was an Associate Chief of Medicine at the Defendant University's Student Medical Center. He was one of Plaintiff's supervisors, an "Employer" within the purview of R.C. Chap. 4112, and one of the co-conspirators about whose conduct Plaintiff complains.

## FACTS COMMON TO ALL COUNTS

12. Plaintiff was hired by Defendant University on November 2, 1992 and, until terminated on May 19, 2005, served in the position of Staff Nurse at the Defendant University's Student Medical Center.

13. During her tenure as a nurse at Defendant University's Student Medical Center, Plaintiff has for many years been repeatedly subjected to a hostile work environment through harassment and disparate treatment by reason of her race.

14. As a result of the harassment described above, Plaintiff has been compelled to file internal and external complaints of discrimination, including complaints with the EEOC, against the Defendant University.

15. In September 2004, Plaintiff observed Defendant McElfresh, Defendant Mills and Defendant Armstrong in a meeting and was shortly thereafter told by Defendant Mills "that meeting was about you, they want to get rid of you and discussed the EEOC. Randy (Defendant McElfresh) replied that he could handle the EEOC." Defendant Mills then told Plaintiff "they're going after you and they are going to get you for insubordination." Plaintiff then asked "You're supposed to call Randy anytime you think I'm insubordinate?" Defendant Mills answered "Yes, he gave me his card."

16. As a result of the continued harassment described above, Plaintiff has been compelled to file additional complaints of discrimination against the Defendant University including EEOC charge 220-2004-03607 filed on August 17, 2004 and an unfair labor practice complaint filed with the State of Ohio on February 14, 2005.

17. On February 18, 2005 Plaintiff made a public appearance as spokesperson for a group of University of Toledo African-American faculty and staff who gave the University a vote of "no confidence" for the way the institution is handling diversity issues.

18. On February 22, 2005 Defendant University notified Plaintiff that a disciplinary

investigation was being conducted concerning Plaintiff. On February 25, 2005 she was notified that there would be a pre-disciplinary hearing on March 7, 2005 for her alleged failure to perform assigned duties and failure to administer medication as directed by a physician.

19. The above-described disciplinary proceeding arose out of an incident on February 15, 2005 when Defendant, John Mills, M.D. ("Defendant Mills"), asked Plaintiff to remove sutures from a patient and Plaintiff explained that she would be happy to do so if he would indicate on the Student Medical Center's records that she was the person seeing the patient. She explained to him that she had been reprimanded in the past for failing to comply with procedure regarding recording "nurse visits" in the Student Medical Center's billing system. Defendant Mills then ignored Plaintiffs request and removed the sutures from the patient himself.

20. On February 16, 2005 Defendant Mills wrote an email letter to Defendant Randall McElfresh ("Defendant McElfresh") inaccurately claiming that Plaintiff refused to remove the sutures from a patient "after being asked, then ordered" to do so.

21. As a result of the above-described actions of Defendant Mills and the other Defendants, Plaintiff was put in the untenable position of having to choose whether to follow the directions of Defendant Mills and violate the policies of the Defendant University's Student Medical Center and risk receiving discipline, or refuse to follow his request and risk discipline. When Plaintiff explained that her dilemma could be avoided simply by Defendant Mills indicating in the medical records that the patient was being seen by a nurse, Defendant Mills removed the sutures himself and wrote a complaint to the human resources department ultimately resulting in Plaintiff's termination from employment.

22. On February 22, 2005 Defendant University's Labor Relations Manager, who is supervised by Defendant McElfresh, interviewed Plaintiff as part of an investigation into the

disciplinary charges against her, Plaintiff related to him the facts regarding the "suture incident" and explained that she never refused to remove the sutures.

23. During the above-described interview, Plaintiff related many other examples of procedure violations that had occurred at the Student Medical Center including one incident that occurred on the same day, February 15, 2005, where Defendant Mills had ordered medication, 125 mg of Solu-Medrol, to be administered to a patient. Defendant Mills gave the order to administer 125 mg of Solu-Medrol verbally without indicating the route to administer the medication. Plaintiff administered the medication Intramuscular ("IM") as prescribed for dosages in this amount by the chart provided to nurses by the Student Medical Center. Defendant Mills entered the room as Plaintiff was about to administer the Solu-Medrol to the patient by IM and said nothing. When Plaintiff subsequently noticed that the patient's chart indicated the medication was to be administered by Intravenous Method ("IV") she advised Defendant Mills of the error in the chart and he changed the "IV" to say "IM".

24. On information and belief, subsequent to his meeting with Plaintiff, the University's Labor Relations Manager and/or Defendant Wasielewski, met or spoke with Defendant Mills and thereafter Defendant Mills prepared a handwritten letter addressed "to whom it may concern" and dated February 23, 2005 wherein he complained about Plaintiff's actions with regard to the "Solu-Medrol incident".

25. Although the "suture incident" and the "Solu-Medrol incident" occurred on the same day, Defendant Mills never complained about any actions taken by Plaintiff in connection with the "Solu-Medrol incident" until he was approached by the Labor Relations Manager and/or Defendant Wasielewski, nor did Mills prepare an "Incident Report" within 24 hours of the alleged medication error as required by the Student Medical Center policy.

26. Although Defendant Mills, Caucasian, changed the patient's medical records from "IV" to "IM", a clear breach of medical protocol and a violation of the Student Medical Center procedures, he was merely given a written reprimand, while Plaintiff's employment was terminated.

## STATEMENT OF CLAIMS

### COUNT ONE
### (Violation of Title VII - Disparate Treatment)

27. By this reference, Plaintiff hereby incorporates the allegations of paragraphs 1-26 of this Complaint as if here fully rewritten.

28. By its conduct in terminating Plaintiff's employment with the Defendant University while disciplining other non-minority employees of the Defendant University's Student Medical Center in a different less-severe manner, the Defendant University has subjected Plaintiff to disparate employment treatment, thereby violating Plaintiff's Title VII rights to be free from discrimination on account of her race in the terms, conditions and opportunities of employment.

### COUNT TWO
### (Violation of Title VII - Racially Hostile Environment)

29. By this reference, Plaintiff hereby incorporates the allegations of paragraphs 1-28 of this Complaint as if here fully rewritten.

30. By constantly monitoring Plaintiffs' activities at work, filing inappropriate disciplinary actions against Plaintiff and by giving Plaintiff conflicting instructions regarding her duties and responsibilities Defendant University and Defendants, Wasielewski, Armstrong and Mills have created and intentionally maintained an egregious and pervasive racially hostile

8

environment in Defendant University's Student Medical Center, thereby violating Plaintiff's rights under Title VII to be free from discrimination on account of race in the terms, conditions and opportunities of employment.

### COUNT THREE
### (Violation of Title VII - Retaliation)

31. By this reference, Plaintiff hereby incorporates the allegations of paragraphs 1-30 of this Complaint as if here fully rewritten.

32. By Defendant University's terminating Plaintiff on insufficient grounds after Plaintiff had spoken publicly at a rally on behalf of a group of University of Toledo African-American faculty and staff and after Plaintiff had filed EEOC charges, Defendant University has retaliated against Plaintiff for engaging in protected activities, thereby violating her Title VII right to be free from employment retaliation for exercising rights under the Act.

### COUNT FOUR
### (Violation of 42 U.S.C. § 1981)

33. By this reference, Plaintiff hereby incorporates the allegations of paragraphs 1-32 of this Complaint as if here fully rewritten.

34. By virtue of Defendant University's disciplinary actions toward Plaintiff including termination of her employment after Plaintiff had spoken publicly at a rally on behalf of a group of University of Toledo African-American faculty and staff and after Plaintiff had filed EEOC charges, the Defendant University has, under color of regulation, custom and usage, thereby subjected Plaintiff to deprivation of rights and privileges secured by the laws of the United States in violation of her rights under 42 U.S.C. § 1983.

## COUNT FIVE
## (Violation of 42 U.S.C. § 1985)

35. By this reference, Plaintiff hereby incorporates the allegations of paragraphs 1-34 of this Complaint as if here fully rewritten.

36. By virtue of their arrangements and understandings, Defendants McElfresh, Wasielewski, Armstrong and Mills, have conspired together for the purpose of depriving Plaintiff of equal privileges under the laws because of her race, for the purpose of terminating her employment as a Nurse at the Defendant University's Student Medical Center, in violation of her rights under 42 U.S.C. § 1985(3).

## COUNT SIX
## (Violation of Ohio Revised Code Chapter 4112)

37. By this reference, Plaintiff hereby incorporates the allegations of paragraphs 1-36 of this Complaint as if here fully rewritten.

38. By virtue of their actions in subjecting Plaintiff to the aforesaid disparate employment treatment; the aforesaid racially hostile working environment; and the aforesaid employment retaliation, Defendants The University of Toledo, McElfresh, Wasielewski, Armstrong and Mills, have violated Plaintiff's rights under R.C. 4112.02(A), R.C. 4112.02(I) and R.C. 4112.99 to be free from acts of employment discrimination on account of race and free from retaliation in the terms, conditions and opportunities of employment because of her exercise of rights under R.C. Chapter 4112.

## COUNT SEVEN
### (Violation of Ohio Public Policy)

39. By this reference, Plaintiff hereby incorporates the allegations of paragraphs 1-38 of this Complaint as if here fully rewritten.

40. The actions of Defendants The University of Toledo, McElfresh, Wasielewski, Armstrong and Mills constitute wrongful employment discrimination against Plaintiff in the terms, conditions and opportunities of employment on account of her race and wrongful employment retaliation against her on account of her exercise of protected rights, all in violation of the public policies of the State of Ohio, as expressed in R.C. Chapter 4112 and Ohio's common law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Ms. Regina Russell, demands judgment against the various defendants as follows:

1. Judgment against the Defendant University of Toledo awarding Plaintiff compensatory damages for her economic injuries for loss in an amount to be determined at trial;

2. Judgment against the Defendant University of Toledo awarding Plaintiff compensatory damages for non-economic injuries including, without limitation, injury to her professional reputation and mental anguish, emotional distress, and mental pain and suffering, in an amount to be determined at trial;

3. Judgment, under the Ohio law claims, against Defendant University of Toledo and all Defendants jointly and severally, awarding Plaintiff compensatory damages for her economic injuries in an amount to be determined at trial;

4. Judgment, under the Ohio law claims, against Defendant University of Toledo and all Defendants jointly and severally, awarding Plaintiff compensatory damages for her non-economic injuries, in an amount to be determined at trial;

5. Judgment awarding Plaintiff punitive damages against Defendant University of Toledo in an amount of not less than $300,000 and, under the Ohio law claims, against all Defendants in an amount to be determined at trial, but not less than $300,000 against each defendant;

6. Judgment awarding Plaintiff such other legal or equitable relief to which Plaintiff is entitled under the premises including, without limitation, reinstatement of her employment with the University of Toledo's Student Medical Center, back pay and reinstatement of seniority and pension rights; and

7. Judgment awarding Plaintiff her reasonable attorneys' fees and costs incurred in this matter.

Respectfully submitted,

*Dennis D. Grant*

Dennis D. Grant (Ohio Bar No. 0022014)
Trial Attorney
BAILEY CAVALIERI LLC
10 West Broad Street, Suite 2100
Columbus, OH 43215
614-221-3155 - Telephone
614-221-0479 - Telefax
Dennis.Grant@baileycavalieri.com

## JURY DEMAND

Plaintiff hereby demands that all issues of fact in this matter be tried to a jury.

_____
Dennis D. Grant (Ohio Bar No. 0022014)