IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Regina Russell,                          Case No. 3:05 CV 7430

           Plaintiff,          MEMORANDUM OPINION
                                   AND ORDER
      -vs-
                                   JUDGE JACK ZOUHARY
University of Toledo, et al.,

           Defendants.

## BACKGROUND

Plaintiff Regina Russell filed suit against her former employer, Defendant University of Toledo (University) and Defendants Randall McElfresh, Norine Wasielewski, Kristine Armstrong, and John Mills. Plaintiff alleges disparate treatment because of her race, a hostile work environment, retaliation, violations of 42 U.S.C. § 1983,[1] violations of 42 U.S.C. § 1985, violations of Ohio Rev. Code § 4112, and violations of Ohio public policy (Doc. No. 1). The University filed a Motion for Summary Judgment (Doc. No. 40), which was referred to United States Magistrate Judge Vernelis Armstrong for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). In her Report and Recommendation, the Magistrate Judge recommended the Court grant Defendants' Motion for Summary Judgment and dismiss the case (Doc. No. 46).

This action is before the Court on Plaintiff's Objections to the Report and Recommendation (Doc. No. 47). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C.

---

[1] Although Plaintiff captions Count Four of the Complaint as "Violation of 42 U.S.C. § 1981," it is clear Plaintiff intended to bring a claim under 42 U.S.C. § 1983.

§ 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings to which the Plaintiff objects. For the following reasons, the Court finds Plaintiff's Objections not well taken and are denied.

### FACTS AND PROCEDURAL HISTORY

Plaintiff makes no objection to the Magistrate Judge's recitation of the facts. Therefore, the facts and procedural history as stated in the Report and Recommendation are adopted in their entirety.

### DISCUSSION

The Magistrate determined Plaintiff did not establish a prima facie case of disparate treatment race discrimination, hostile work environment or retaliation under Title VII and Ohio Rev. Code § 4112. The Magistrate also determined Plaintiff's claim of deprivation of rights and privileges in violation of 42 U.S.C. §1983 was without merit because the University is not a "person" acting under color of state law. Likewise, Plaintiff could not establish her conspiracy claim under 42 U.S.C. § 1985 due to a lack of co-conspirators. Lastly, the Magistrate found Plaintiff's claim of wrongful discharge in violation of Ohio public policy was barred because Plaintiff has available remedies under the Ohio Revised Code and Title VII.

Plaintiff raises the following Objections to the Magistrate's Report and Recommendation:

1. The Magistrate failed to make the proper factual inferences when discussing Plaintiff's alleged misconduct, and the similarity between Plaintiff's conduct and that of other employees.

2. The Magistrate failed to make the proper factual inference when determining whether Defendants' acts creating a hostile work environment were motivated by race or affected her work performance.

3. The Magistrate did not apply the proper rule to determine whether any employees were similarly situated to Plaintiff.

4. The Magistrate's analysis of Plaintiff's retaliation claim was incorrect because the Magistrate incorrectly determined Defendants had no knowledge of Plaintiff's protected activity and Plaintiff failed to show a causal link between her protected activity and termination.

5. The Magistrate incorrectly determined Defendants were not liable under 42 U.S.C. § 1983.

6. The Magistrate considered irrelevant factors.

**Evidence of "Similar Conduct" to Prove a Prima Facie Case of Disparate Treatment**

In her Report and Recommendation, the Magistrate found Plaintiff failed to show her conduct was similar to the conduct of other employees, and thus failed to establish a prima facie case of disparate treatment race discrimination. Plaintiff objects, and asserts she "presented significant evidence showing that her conduct is similar, establishing a question of fact" (Pl.'s Obj. p. 3). Plaintiff also asserts she raised material questions of fact as to whether her alleged infractions actually occurred or were worthy of discipline (Pl.'s Obj. p. 4). While the Court adopts the Magistrate's ultimate conclusion, the Court finds Plaintiff's claim fails for failure to show pretext, rather than a prima facie case of discrimination.

A prima facie case of discrimination exists if Plaintiff can show that she: (1) is a member of a protected class; (2) was terminated; (3) was qualified for the position; and (4) was replaced by a person outside the class, or was treated differently than similarly-situated, non-protected employees. *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004).[2] If Plaintiff can establish a prima facie case of

---

[2] "Although the District Judge found no *prima facie* case had been established by Plaintiff because of the lack of the fourth 'replaced-by-a-'non-protected'-person' element of the *McDonnell Douglas/Burdine* criteria, a plaintiff can also make out a *prima facie* case by showing, in addition to the first three elements, that 'a comparable non-protected person was treated better.'" *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992).

3

discrimination, Defendants must articulate some legitimate, nondiscriminatory reason for Defendants' action. *DiCarlo*, 358 F.3d at 414. If Defendants satisfy this burden, Plaintiff must prove that Defendants' reason was a pretext for discrimination. *DiCarlo,* 358 F.3d at 414-15. Pretext can be established by showing that Defendants' reason: (1) had no basis in fact; (2) did not actually motivate the decision to terminate; or (3) was insufficient to warrant the decision to terminate. *Manzer v. Diamond Shamrock Chems. Co*, 29 F.3d 1078, 1084 (6th Cir. 1994).

Here, the Magistrate found Plaintiff failed to show a prima facie case of race discrimination because Plaintiff could not identify a similarly situated person treated differently. The Court disagrees and finds Plaintiff did establish a prima facie case because she was replaced by a person outside her protected class. Replacement by a person outside the protected class is sufficient to satisfy the fourth element of a prima facie case. *Mitchell*, 964 F.2d at 582. Because the Court finds a prima facie case of discrimination, it must now determine whether Defendants' legitimate nondiscriminatory reason was a pretext for racial discrimination, an issue not reached by the Magistrate.

Defendants articulated a nondiscriminatory reason: Plaintiff administered a drug to a patient in a manner inconsistent with the prescribing physician's directive without seeking a change in the directive, and her failure to comply with a physician's directive to remove a patient's sutures, in light of her previous disciplinary record (Def.'s Mot. Summ. J. p. 12). However, the Court further finds Plaintiff fails to show this reason was a pretext for race discrimination under any of the three *Manzer* methods of showing pretext.

The third *Manzer* method to show pretext requires proof that the nondiscriminatory reason was insufficient to warrant the decision to terminate. This method usually consists of "evidence that other employees . . . were not fired even though they engaged in substantially identical conduct." *Manzer*,

4

29 F.3d at 1084; *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796 (6th Cir. 1994) (the compared employees must have "nearly identical" situations and be similar in all relevant aspects). An exact correlation between the two employees is not necessary; a plaintiff need only show that they are similar in all relevant aspects. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998); *Clayton v. Meijer, Inc.*, 281 F.3d 605, 611 (6th Cir. 2002). Relevant aspects to consider include whether the employees "dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Mitchell*, 964 F.2d at 583.

The Court agrees with the Magistrate's conclusion that Plaintiff fails to provide legally sufficient evidence to find her conduct was similar to that of employees who were treated differently. Plaintiff claims she was similarly-situated to: (1) Defendant Armstrong, a Caucasian employee, who was not disciplined for failing to properly triage a patient in 2004 or rupturing a patient's ear drum; (2) Elizabeth Graflin, a Caucasian employee, who obtained medical treatment for her spouse in contradiction to Student Medical Center policy; (3) Gay Trace, a Caucasian employee, who placed a patient in a treatment room and left for the day without informing anyone about the patient's whereabouts; and (4) Colleen Yoder, a Caucasian employee was given flexible time to attend class (Doc. No. 39 with attached Russell Aff.; Russell Dep. II 228).

The actions of each of these other employees are distinguishable from Plaintiff's actions. The Record indicates a long history of complaints about Plaintiff's work performance and attitude, as well as multiple disciplinary actions, such as written warnings, suspensions, working suspensions, and eventually termination. There is no indication Armstrong, Graflin, Trace or Yoder had similar

5

histories of discipline. The differences between these other employees and Plaintiff are highlighted by Mills' February 16, 2006 report to McElfresh (Mills Dep. Ex. 1):

> I have had recurrent and escalating difficulty having this nurse perform specific functions and nursing duties and have experienced general and sometimes overwhelming recalcitrance and a very disconcerting lack of professionalism, all of which ultimately impacts the level and quality I wish, and the medical center intends to provide. Sadly, I am not alone in this experience.

This quote indicates it was not only Plaintiff's failure to remove sutures and alleged mis-administration of Solu-Medrol, but also her performance history which led to an investigation into her actions and eventual termination. Clearly, there exist differentiating circumstances which distinguish Plaintiff's conduct from that of the other employees, including Plaintiff's extensive history of poor performance. Therefore, Armstrong, Graflin, Trace and Yoder are not similarly situated to Plaintiff, and Plaintiff cannot prove Defendants' legitimate nondiscriminatory reason was insufficient to terminate her employment.

Nor can Plaintiff prove pretext under the first or second *Manzer* methods. The first *Manzer* method of proving pretext is to show that the non-discriminatory reason had no basis in fact. To prove pretext under this method, Plaintiff must show more than a dispute about the underlying facts. It is immaterial, therefore, whether Plaintiff actually refused to remove sutures or improperly administered Solu-Medrol. "[A]s long as an employer has an honest belief in its proffered nondiscriminatory reason for discharging an employee, the employee cannot establish that the reason was pretextual simply because it is ultimately shown to be incorrect." *Majewski v. Automatic Data Processing, Inc.,* 274 F.3d 1106, 1117 (6th Cir. 2001). "[T]he key inquiry is whether the employer made a reasonably informed and considered decision," and does not require that the employer's decisional process be optimal or leave "no stone unturned." *Smith v. Chrysler Corp.,* 155 F.3d 799, 807 (6th Cir. 1998).

6

Plaintiff fails to show a material dispute that Defendants terminated her employment based on honest beliefs regarding her refusal to remove sutures and her administration of Solu-Medrol. Thus, Plaintiff fails to establish pretext under the first *Manzer* method.

The second *Manzer* method of proving pretext is to show the reason did not actually motivate the decision to terminate. "To establish pretext under the second *Manzer* method, the plaintiff admits the factual basis underlying the discharge and acknowledges that such conduct *could* motivate the dismissal, but attacks the employer's explanation 'by showing circumstances which tend to prove an illegal motivation was *more* likely than that offered by the defendant.'" *Smith v. Leggett Wire Co.*, 220 F.3d 752, 759 (6th Cir. 2000) (citing *Manzer,* 29 F.3d at 1084). "In other words, the plaintiff argues that the sheer weight of the circumstantial evidence of discrimination makes it 'more likely than not' that the employer's explanation is a pretext, or coverup." *Manzer,* 29 F.3d at 1084. Plaintiff would have to show that, even if she did refuse to remove the sutures and incorrectly administer Solu-Medrol, it was more likely than not that Defendants terminated her because of her race. In the absence of evidence to prove Defendants were actually motivated by racial animus, Plaintiff cannot prove pretext under this method.

The "Court cannot sit as a 'super-personnel department.'" *Young v. Sabbatine*, 238 F.3d 426, 2000 WL 1888672, at *6 (6th Cir. Dec. 19, 2000), and because the evidence in this case, when viewed in the light most favorable to Plaintiff, fails to support a finding of pretext, summary judgment on behalf of Defendants on the disparate treatment claim is appropriate.

**Prima Facie Case of Hostile Work Environment**

Count Two of the Complaint alleged a racially-hostile work environment. Plaintiff objects to the Magistrate's Recommendation that "there is no probative evidence that Defendants' acts were

the result of racial hostility or abuse," and that "Plaintiff has failed to present significant probative evidence that her work performance was affected by the allegedly discriminatory conduct," both elements of a prima facie case of hostile work environment (R&R 14-15). Based on Plaintiff's failure to establish a prima facie case, the Magistrate recommended summary judgment in favor of Defendants on Count Two.

The Court reviewed the comprehensive findings of the Magistrate and considered *de novo* all of the filings on this issue. The Court adopts the Magistrate's Recommendation on Count Two.

**Prima Facie Case of Retaliation**

Regarding Count Three, the Magistrate concluded Plaintiff did not show two elements of a prima facie case of retaliation: (1) Plaintiff's activity protected under Title VII was known to the Defendants; and (2) a causal link between the protected activity and the adverse employment action. Because Plaintiff fails to show a prima facie case, the Magistrate recommended summary judgment in favor of Defendants. Plaintiff, however, argues that Defendants must have been aware of her protected activity (speaking at a public rally) because it was carried on local television, or at the very least, such publicity created a genuine issue of material fact as to Defendants' knowledge. Plaintiff also argues she established a causal connection between the public rally and her termination.

The Court reviewed the comprehensive findings of the Magistrate and considered *de novo* all the filings on this issue. The Court adopts the Magistrate's Recommendation on Count Three.

**Count Four - 42 U.S.C. § 1983**

Plaintiff objects to the Magistrate's determination that a university and its employees sued in their official capacities are not considered "persons" under Section 1983. Only "persons" acting

8

under color of state law may be liable under 42 U.S.C. § 1983. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

The Court reviewed the comprehensive findings of the Magistrate and considered *de novo* all the filing on this issue. The Court adopts the Magistrate's Recommendation to grant summary judgment in favor of Defendants on Count Four.

**Consideration of Irrelevant Facts**

Finally, Plaintiff objects to the Magistrate's reference to Plaintiff's employment following her termination, as such facts go to damages, not liability. The Court finds the Magistrate did not rely on these facts in making her Recommendation. Plaintiff's Objection is without merit.

### CONCLUSION

Plaintiff's Objections (Doc. No. 47) to the Report and Recommendation of the Magistrate Judge are DENIED and the Report and Recommendation (Doc. No. 46) is ADOPTED, as modified, as the Opinion of this Court. Therefore, Defendants' Motion for Summary Judgment is GRANTED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 29, 2007